Filed 6/9/25  P. v. Petrilla CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JASON CHARLES PETRILLA,<br><br>    Defendant and Appellant. | G063664, G063666<br><br>(Super. Ct. Nos. 15WF1142, 16WF1162)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Steven D. Bromberg, Judge. Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

After Jason Charles Petrilla was convicted of various crimes, he was sentenced to 21 years in prison. Subsequently, the secretary of the California Department of Correction and Rehabilitation (CDCR) recommended Petrilla's sentence be recalled and he be resentenced pursuant to Penal Code section 1172.1.[1] Following briefing and a hearing, the superior court declined to resentence Petrilla, after finding he poses an unreasonable risk of danger to public safety and his postconviction conduct did not warrant resentencing relief. Petrilla appeals the denial, contending no substantial evidence supported the dangerousness finding. As discussed below, we find no error and affirm.

STATEMENT OF THE CASE

On June 30, 2017, Petrilla pled guilty in two criminal cases. In Orange County Superior Court case number 15WF1142, he pled guilty to carjacking, felony identity theft and misdemeanor identity theft. He also admitted personal use of a weapon during the carjacking, and having suffered three strike priors, two serious felony priors and two prison priors. In Orange County Superior Court case number 16WF1162, Petrilla pled guilty to receiving stolen property (a car) and admitted having the same prior convictions.

At the joint sentencing hearing, the trial court struck two of Petrilla's strikes for sentencing purposes. It sentenced him to an aggregate term of 21 years in prison, consisting of: five years for the carjacking, doubled due to the remaining strike; one year for the weapon enhancement; consecutive five-year terms for the two serious felony priors; and concurrent

---

[1] All further statutory references are to the Penal Code, unless stated otherwise.

terms for the identity theft and receiving stolen property convictions.

On February 16, 2023, the CDCR secretary sent a letter to the trial court, recommending Petrilla be resentenced pursuant to section 1172.1, subdivision (a)(1). The secretary noted that effective January 1, 2019, courts are now authorized to strike the five-year enhancement for the serious felony prior convictions pursuant to section 1385. The CDCR letter included a cumulative case summary and evaluation report summarizing Petrilla's criminal history and parole history.

Although Petrilla has no juvenile adjudication, as an adult, beginning in 1992, he began committing misdemeanors, such as driving under the influence causing injury and making criminal threats. In 2000, Petrilla was convicted for inflicting corporal injury on a spouse or cohabitant. In 2005, he was convicted of obstructing or resisting an executive officer, and in 2006, he was convicted of second degree robbery. Petrilla violated parole numerous times, including absconding during each of the seven times he was paroled between 1999 and 2015.

As to the convictions in the subject cases, on May 17, 2015, after having absconded from parole for the seventh time, Petrilla used a car he knew to be stolen. On May 20, 2015, Petrilla armed himself with a knife and approached from behind a woman loading groceries into her car. He grabbed her with both arms and put a knife to her throat. Petrilla said something to the victim in English, but she did not understand him. He then pushed her and stole her car.

As to Petrilla's postconviction conduct, he had rule violations in 2018 and 2021 involving disobeying orders, and he received counseling for misuse of food, being absent for work assignment, and disobeying orders. On the other hand, Petrilla satisfactorily completed seven education and work

3

assignments between 2018 and 2022, as well as completing seven self-help activities between 2017 and 2022.

Subsequently, the trial court appointed counsel for Petrilla. Defense counsel noted that because of the CDCR letter, there is a presumption favoring recall and resentence which can only be overcome if the court finds Petrilla currently poses an unreasonable risk of danger to public safety. Counsel argued there was no evidence of that risk of danger, and that Petrilla should be resentenced based on his rehabilitative successes in prison as well as the legislative finding that lengthy sentences have diminishing returns in reducing crime rates.

The district attorney opposed resentencing, arguing there was an unreasonable risk that Petrilla would commit a new serious or violent felony crime within the meaning of sections 1170.18 and 667, subdivision (e)(2)(C)(iv). The district attorney noted that unlike many other delinquents, "only after the commonly-cited science tells us his brain was fully developed at 25 years old, did [Petrilla] begin to engage in assaultive, felonious, and serious/violent conduct." "In fact, it wasn't until the defendant's 30's that he really began to get started with the violent strike offenses, which then proceeded to increase in violence, even into his 40's. . . . At age 31, he first robbed a gas station either miming a knife under his jacket, or, actually having a knife under his jacket, and then, . . . actually produced a long knife in order to rob [a] second gas station several weeks later." The district attorney also noted Petrilla committed his latest offenses when he was 41 years old.

On January 6, 2024, the trial court declined to recall Petrilla's sentence and resentence Petrilla. The court stated it considered the totality of Petrilla's conduct during his entire adult life, and concluded he poses an

unreasonable risk to public safety. Specifically, the court noted "Petrilla has spent a very significant portion of his adult life confined in state prison with his first commitment in 1999. He was paroled [seven] times and absconded from parole [seven] times. . . . [H]is current cases were committed when he absconded. His continued history of committing crimes is of a very serious concern to the court as they are increasing in their level of seriousness." The court further noted that in the current cases, Petrilla had faced a potential sentence of 46 years 8 months. "When this Court tendered the indicated sentences to the defendant, I recognized that having such significant criminal history [meant] that he most surely posed an unreasonable danger to public safety and a sentence of 21 years would be sufficient to protect the public. The fact that he continuously absconded from parole, literally each time he was paroled, reflects that although Mr. Petrilla has made a level of progress in prison, however, he is by no means ready to become a member of the public once again." The court also noted it requested, received, and reviewed all of Petrilla's prison records. After its review, the court concluded that "[a]lthough [Petrilla] is making progress, however, it is not time to have his sentence reduced, even for just a few years."

DISCUSSION

I.

APPLICABLE LAW

Section 1172.1 authorizes a trial court, at its discretion, to recall and resentence certain criminal defendants. As to which defendant is eligible for resentencing relief, section 1172.1, subdivision (a)(1) provides in relevant parts: "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation . . . , the court may, . . . at any time upon the

5

recommendation of the secretary . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."

Not all eligible defendants are suitable for resentencing relief. Section 1172.1 has several provisions addressing suitability. Section 1172.1, subdivision (b)(2) provides: "There shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant currently poses an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." Section 1170.18, subdivision (c) provides that an "'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." "The cited subdivision of section 667 identifies eight types of particularly serious or violent felonies, known colloquially as 'super strikes.'" (*People v. Valencia* (2017) 3 Cal.5th 347, 351, fn. omitted.) These crimes include "[a]ny homicide offense, including any attempted homicide offense," (§ 667, subd. (e)(2)(C)(iv)(IV)), and "[a]ny serious or violent felony offense punishable in California by life imprisonment or death." (§ 667, subd. (e)(2)(C)(iv)(VIII).)

Once the presumption is overcome, the statute lists several factors a court should consider in determining whether to recall and resentence the defendant. Section 1172.1, subdivision (a)(5) provides: "In recalling and resentencing pursuant to this provision, the court shall consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence

6

that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice. Evidence that the defendant's incarceration is no longer in the interest of justice includes, but is not limited to, evidence that the defendant's constitutional rights were violated in the proceedings related to the conviction or sentence at issue, and any other evidence that undermines the integrity of the underlying conviction or sentence. The court shall consider if the defendant has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence, if the defendant was a victim of intimate partner violence or human trafficking prior to or at the time of the commission of the offense, or if the defendant is a youth or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense, and whether those circumstances were a contributing factor in the commission of the offense."

## II.

### ANALYSIS

Petrilla is eligible for resentencing relief because the CDCR secretary recommended recall and resentencing. (§ 1172.1, subd. (a)(1).) The CDCR letter also created a presumption in favor of resentencing relief, which "may only be overcome" by a "current[]" dangerousness finding. (§ 1172.1, subd. (b)(2).) Here, the trial court found Petrilla poses an unreasonable risk to public safety based on the totality of Petrilla's conduct during his entire adult life. Specifically, Petrilla absconded each of the seven times he was paroled, and his crimes were increasing in seriousness. The court then

7

considered Petrilla's postconviction conduct in prison, and concluded resentencing was not warranted.

Petrilla contends no substantial evidence supports the dangerousness finding. He notes the trial court mainly focused on the reasoning for its original sentencing, and alleges the court "steadfastly avoid[ed] having to address the risk of [Petrilla] committing a super strike offense" (fn. omitted.) We disagree.

There is nothing in section 1172.1, subdivision (b)(2) that precludes a trial court from relying primarily, or even entirely, on the circumstances of the charged offense or offenses to make a dangerousness finding. Indeed, as Petrilla acknowledges, past conduct is relevant to predicting future conduct. Thus, it is reasonable for the trial court to consider Petrilla's past conduct to predict his current or future dangerousness. The fact that Petrilla has always absconded when paroled and that his crimes have been increasing in seriousness suggests Petrilla will continue to abscond and commit more serious crimes. Given that his latest crime involved carjacking with the use of a knife, it is reasonable for the court to conclude there was an unreasonable risk he would commit a more serious crime such as attempted murder.

Moreover, the trial court did not solely focus on Petrilla's past criminal conduct. It also reviewed and considered Petrilla's postconviction conduct, which includes rule violations for disobeying orders. From that evidence, a reasonable factfinder could conclude Petrilla lacks self-control and poses an unreasonable risk of engaging in criminal activities if released from a supervised setting. In light of Petrilla's pattern of committing crimes of escalating seriousness, a reasonable factfinder could conclude Petrilla currently poses an unreasonable risk of committing a super strike. (Cf. *People*

8

*v. Jefferson* (2016) 1 Cal.App.5th 235, 245 ["The [trial] court reasonably determined that defendant's 1997 robbery, assault, and battery convictions, in combination with his multiple rule violations in prison and his multiple parole violations following his July 2011 release from prison, showed he was likely to commit a super strike"].)

Petrilla's reliance on *Nijmeddin v. Superior Court* (2023) 90 Cal.App.5th 77, is misplaced. There, the appellate court reversed a trial court's dangerousness finding because the criminal defendant "is severely physically incapacitated and getting worse by the day." (*Id.* at p. 83.) The medical testimony presented was that the defendant had three to six months to live, was in a wheelchair and "'is barely able to get out of the chair.'" (*Id.* at p. 81.) In contrast, there is no evidence Petrilla is physically incapacitated or suffering from a terminal illness. In sum, Petrilla has not shown the trial court abused its discretion in declining to recall his sentence and resentence him.

## DISPOSITION

The postjudgment order denying recall and resentencing pursuant to section 1172.1 is affirmed.


DELANEY, J.

WE CONCUR:


MOTOIKE, ACTING P.J.


GOODING, J.

9